IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| TREVOR FITZGIBBON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-247-REP |
| | ) | |
| | ) | |
| JESSELYN A. RADACK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# **COMPLAINT**

Plaintiff, Trevor Fitzgibbon, by counsel, files the following Complaint against Defendant, Jesselyn A. Radack ("Radack").

Plaintiff seeks (a) compensatory damages and punitive damages in an amount not less than **$10,350,000.00**, (b) prejudgment interest on the principal sum awarded by the Jury from April 20, 2017 to the date of Judgment at the rate of six percent (6%) per year, (c) attorney's fees in the sum of **$46,141.56** pursuant to the rule of law announced in *Burruss v. Hines*, and (d) court costs – arising out of Defendant Radack's malicious prosecution, defamation *per se*, and insulting words.

## I.  **INTRODUCTION**

It is unlawful, immoral and unethical for any woman – no matter how powerful she may be – to falsely accuse a man of rape or sexual abuse.  False allegations of rape and sexual abuse brought by high-profile accusers also hurt the cause and credibility of real victims and ruin the good will of those who champion human rights and equality.

This case is about an attorney who knowingly bore false witness and who continues to defame with reckless disregard for the injurious consequences of her actions.

## II.  PARTIES

1.     Plaintiff, Trevor Fitzgibbon ("Fitzgibbon"), was born in Lynchburg, Virginia.  He is 47-years old.  His is now a citizen of North Carolina.  At all times relevant to this action, Fitzgibbon was a citizen of Virginia.  Fitzgibbon lived and worked from his home on Floyd Avenue in Richmond, Virginia.  Fitzgibbon founded and ran a progressive public relations firm, Fitzgibbon Media, Inc. ("Fitzgibbon Media"). Fitzgibbon Media's headquarters and principal place of business was Richmond.  Its clients were as wide-ranging as Amnesty International, Planned Parenthood, NARAL, MoveOn.org and WikiLeaks.  When the National Security Agency domestic spying story broke, former NSA employee, Edward Snowden, was holed up in Hong Kong and WikiLeaks was working to get him asylum.  On behalf of Julian Assange and WikiLeaks, Fitzgibbons arranged a media briefing on Snowden and his status.  Radack, Assange and Vietnam-era whistleblower, Daniel Ellsberg, were on the conference call.

2.     Radack is a citizen of the District of Columbia.  In 2015, she was one of Snowden's lawyers.  Radack told *Style Weekly* that FitzGibbon's pro bono work for Edward Snowden was "invaluable."  Fitzgibbon got Radack and Snowden's other lawyers onto the Sunday morning talk shows.  "He was also instrumental to events like 'Restore the Fourth,' where [Radack] read a statement from [Snowden]".  Radack further told *Style Weekly* that "[w]hile big PR firms may have more name cachet, FitzGibbon Media makes up for it with genuine concern for client well-being, not just placing a story." [https://www.styleweekly.com/richmond/the-fire-starter/Content?oid=2233402].

### III. JURIDICTION AND VENUE

3.      The United States District Court for the Eastern District of Virginia has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The parties are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and fees.

4.      Radack is subject to general and specific personal jurisdiction in Virginia. Radack transacts business in Virginia.  She committed multiple intentional torts and acts of defamation in whole or part in Virginia.  She has minimum contacts with Virginia such that the exercise of personal jurisdiction over her comports with traditional notions of fair play and substantial justice and is consistent with the Due Process Clause of the United States Constitution.   Radack's malicious prosecution and her persistent course of defamation was purposefully directed at a Virginia citizen, and was continuous and systematic.   Trevor Fitzgibbon's claims directly arise from and relate to Radack's publication of false and defamatory statements in Virginia. *See, e.g., Calder v. Jones*, 465 U.S. 783 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984).

5.      Venue is proper in the Richmond Division of the United States District Court for the Eastern District of Virginia because Radack maliciously prosecuted a Virginia citizen and published and republished defamatory statements to a wide audience that includes persons who reside within the Richmond Division.  Radack's malicious prosecution and defamation caused substantial harm to Trevor Fitzgibbon's personal and professional reputations in Virginia.  A substantial part of the events giving rise to the claims stated in this action occurred in the Eastern District of Virginia.

## COUNT I – <u>MALICIOUS PROSECUTION</u>

6.        Trevor Fitzgibbon did not rape Jesselyn Radack.

7.        Trevor Fitzgibbon did not penetrate Radack's vagina with his penis without her permission or against her will.

8.        Radack was never sexually abused in any way by Trevor Fitzgibbon at the Hotel Lombardy or the Barr Building or anywhere else.

9.        Radack – a powerful and prominent attorney – claims to be a "whistleblower", a First Amendment "absolutist", an "ethicist", a "feminist", a "hacktivist", a "commentatrix", and an "anti-rape activist".  Radack is the Director of Whistleblower & Source Protection (WHISPeR) at @xposefacts, a non-profit project founded by Radack to "protect the most controversial and courageous truth-tellers in the world." [https://whisper.exposefacts.org/].   Radack uses social media to promote and spread her views throughout the Internet.   As of April 6, 2018, Radack had 35,601 followers on Twitter, including many extremely very high-profile followers in Virginia:



4

On her YouTube channel – "Jesselyn Un~~RADACK~~ted" – Radack asserts that she is an author; that her writing has appeared in the New York Times, Wall Street Journal, L.A. Times, Washington Post, Guardian, The Nation, Salon, and numerous academic law reviews; that in 2011, she received the "Sam Adams Associates for Integrity in Intelligence Award"; that in 2012, Radack received the "Hugh M. Hefner First Amendment Award"; that she was named one of Foreign Policy magazine's "Leading Global Thinkers of 2013"; and that she was a 2014 Woodrow Wilson Fellow. [https://www.youtube.com/user/JessRadack/featured?disable_polymer=1].   Radack has been on the radio [https://www.wbai.org/recentprogram.php?recentid=72] and television hundreds of times promoting herself and her many causes. [*See, e.g.,* https://www.pinterest.com/jesselynradack/].

10.   On March 7, 2016, Radack lied to law enforcement.  She lied to cover-up the fact (a) that she had had an affair with Trevor Fitzgibbon,[1] (b) that she had been dishonest with her husband, (c) that she had serious trust issues, and (d) that she had compromised herself and her clients.  Radack lied about Trevor Fitzgibbon and sacrificed ***his*** name and ***his*** reputation to protect her twenty-year career as a "whistleblower" and "human rights" attorney.  In the press, Radack promoted herself as a lawyer that could be trusted with "secrets". [https://www.theverge.com/2014/6/24/5818594/edward-snowdens-lawyer-jesselyn-radack-will-keep-your-secrets].   Radack had prominent clients, such as NSA whistleblowers, Thomas Drake ("Drake"), William Binney and Snowden, CIA analyst, John Kiriakou ("Kiriakou"), and Brandon Wayne Bryant.   Radack gained a

---

[1]   On the same day she slept with Trevor Fitzgibbon at Hotel Lombardy, Radack created a GoFundMe campaign to help "Help Human Rights Whistleblowers". [https://www.gofundme.com/ync3ckws].  In a video on her campaign homepage, Radack represented that "Truth-tellers have your back.  I have theirs…."

reputation as a whistleblower's confidant and "best defense". Radack and Drake were working together on a book. Radack, who had a lot to lose and a motive to lie, falsely accused Trevor Fitzgibbon of heinous crimes. Radack made statements with actual knowledge that they were false and with reckless disregard for the truth.

11.     On March 7, 2016, Radack went to the District of Columbia Metropolitan Police Department, and instigated criminal charges against Trevor Fitzgibbon, including:

- *Offense # 1* – First Degree Sexual Abuse [(22DC3002(A)(1)];

- *Offense # 2* – Third Degree Sexual Abuse-Force [(22DC3004(1)].

Radack told DC Police Officer Karla Oranchak that Offense # 1 occurred in a 3rd Floor room at Hotel Lombardy, 2019 Pennsylvania Avenue, NW, Washington, DC on December 8, 2015. Radack told Officer Oranchak that Offense # 2 occurred on November 4, 2015 in Radack's law office at the Barr Building, 910 17th Street, NW, Washington DC. Radack gave the following false statement to police:

---

**VICTIMS**

| AGE | SEX | HOME ADDRESS |
|---|---|---|
| 44 | Female | 4800 BLK 45TH STREET NW, WASHINGTON, DC 20016, UNITED STATES |

**PROPERTY & ITEMS**

**CCN #16035152 – PUBLIC NARRATIVE**

On Monday March 07, 2016, the complainant reported the Suspect using force and penetrating her vagina with his penis without her permission and against her will, on December 08, 2015. The complainant additionally reported the Suspect grabbing her by the waist, pulling her onto his lap and touching her bare breast without her permission and against her will, on December 04, 2015.

---

12.     Radack's criminal complaints against Fitzgibbon were referred to the United States Attorney for the District of Columbia. On April 20, 2017, after more than a year of investigation, the United States Attorney closed all investigations and complaints and announced that it declined to prosecute Trevor Fitzgibbon.

13.     The United States Attorney dropped the charges against Trevor Fitzgibbon because, in truth, there was no rape or sexual abuse.   Radack fabricated the criminal charges to protect her self-interest and further her agenda as a prominent lawyer for government whistleblowers and leakers throughout the country.

14.     In truth, as was obvious to the United States Attorney who decided to drop the charges, the relationship between Radack and Trevor Fitzgibbon was entirely _**consensual**_.

15.     In November 2015, Radack sent multiple pictures of herself to Fitzgibbon via text:





16.     Radack flirted with Trevor Fitzgibbon and solicited conversation about "sexual fantasies".  Radack even used her cell phone to draw a nude body, complete with a vagina:





17.     Radack initiated graphic conversations with Trevor Fitzgibbon.   Radack never complained, objected or even blushed.  In fact, she participated eagerly:



18.     Radack telephoned and texted Trevor Fitzgibbon in Virginia on multiple occasions.  At the time, Radack was married with three (3) young children.  Radack's husband, Daniel, was a Sr. Carbon Finance Specialist at the World Bank.  Radack acted lonely and unfulfilled.   As revealed by her text messages, however, Radack saw Fitzgibbon as a means of boosting her powerful legal career.  She constantly asked for professional favors – to share Facebook posts, to have well-known journalists (@jeremyscahill – Jeremy Scahill with The Intercept – 344,000 Twitter followers) retweet her tweets, and to spread the word that Radack represented drone whistleblowers.

19.     Radack hid her predilections and desires from her husband, hid them from friends, hid them from clients (some of whom were also clients of Fitzgibbon Media), and even hid them from her co-worker at WHISPeR, Kathleen McClellan:

Does your coworker suspect

No

Fuck your brains out

Can we recruit her

No way. She's very vanilla.

Ok

I want to see you in black lingerie

Ok

That's the photo

I need

Until I see you

Don't forget to delete these



Perfect

So. Back to what I want

Are we on?

I'll take that as a yes

Yes, but condoms a must. Do you have any known STDs?

Umm. I have three kids

And you are the only person

That I will have done this with

20.     At Radack's request, Trevor Fitzgibbon assisted with publicity for Radack's clients, for which Radack showed her gratitude and "special" thanks:



Radack inveigled Fitzgibbon:



21.     As was typical of her style as an attorney, Radack was very aggressive. After she received Fitzgibbon's headshot, Radack asked him to move the camera "south abt 3 ft" to his crotch area:



22.     Radack and Trevor Fitzgibbon arranged to meet at the Hotel Lombardy:



Radack was unable to get together with Fitzgibbon on November 30, 2015.  She asked Fitzgibbon for a time he was available on December 1, 2015.  They agreed to meet at 10:00 a.m.  Radack continued to press Fitzgibbon for professional favors, including publicity for a GoFundMe campaign for human rights whistleblowers, principally her client, Edward Snowden. [https://www.gofundme.com/ync3ckws].    In a long text message conversation through the evening of November 30, 2015, Radack and Fitzgibbon exchanged the following words:



23.     On the morning of December 1, 2015, Radack and Trevor Fitzgibbon had

consensual sex at the Hotel Lombardy.  Afterwards, that same day, Radack continued to

asked Fitzgibbon for professional favors:



24.     Before the end of the day on December 1, 2015, Radack and Fitzgibbon texted one final time.  Radack had trouble finding the Facebook post and tweets shared by Fitzgibbon with certain clients and followers.  Fitzgibbon texted links to all the users/accounts with whom he had shared Radack's post/tweet, including @wikileaks, @xychelsea, @MsJodieEvans, @suigenerisjen, and @fitzgibbonmedia.     Radack apologized for not seeing the publicity:



25.     Radack never mentioned rape or sexual abuse – not even once.

26.     Radack's text message communications, her selfies, her demeanor and her behavior all demonstrate that Radack concocted the criminal charges against Fitzgibbon.

27.     Radack fabricated the criminal charges out of whole cloth, knowing the charges to be false, and with reckless disregard for the truth.

28.     Trevor Fitzgibbon states a claim under Virginia law for malicious prosecution.   More specifically, (a) Radack initiated a criminal proceeding against Fitzgibbon, (b) the proceeding terminated in a manner not unfavorable to Fitzgibbon, (c) the proceeding was instituted without probable cause, and (d) Radack acted with malice,

out of a controlling motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished. *Stanley v. Webber*, 260 Va. 90, 95-96, 531 S.E.2d 311 (2000); *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 684, 152 S.E.2d 271 (1967) (malice may be inferred from the lack of probable cause).

29.     Radack's malicious prosecution of Trevor Fitzgibbon was vile and contemptuous, especially given the fact that Radack is a powerful, high-profile lawyer and she knew that her misconduct and abuse of power would gravely injure another human being.

30.     Rather than admit the simple truth about what happened, Radack manufactured crimes and lied to cover-up her adultery and to further her prominent career.  Radack's behavior is an affront to justice and it does grave injury to real victims of sexual assault.

31.     Because of Radack's malicious prosecution, Trevor Fitzgibbon suffered substantial damage and incurred loss, including, but not limited to, pain and suffering, emotional distress and trauma, insult, anguish, stress and anxiety, public ridicule, humiliation, embarrassment, indignity, damage and injury to his reputation, lost wages and income, financial loss, and other out-of-pocket expenses in an amount to be determined by the Jury, but not less than $10,000,000.00.

32.     As a result of Radack's malicious prosecution, Trevor Fitzgibbon seeks compensatory damages and punitive damages, as well as attorney's fees pursuant to the rule of law announced by the Virginia Supreme Court in *Burruss v. Hines*, 94 Va. 413, 26 S.E. 875, 878 (1897) ("The general rule is that counsel fees are not recoverable as

damages; but on the trial of an action for malicious prosecution or false imprisonment, where exemplary damages are recoverable, the fees paid or incurred to counsel for defending the original suit or proceeding may be proved, and, if reasonable and necessarily incurred, may be taken into consideration by the jury in the assessment of damages.").

**COUNT II – <u>DEFAMATION *PER SE*</u>**

33.    In addition to the malicious prosecution, Radack has leveraged her substantial following on Twitter, which includes her internationally renowned clients, to publish and republish multiple false and defamatory statements about Trevor Fitzgibbon.

34.    On May 15, 2017, Shadowproof.com published an online article disclosing that Trevor Fitzgibbon had been cleared of the criminal charges levelled by Radack.   [https://shadowproof.com/2017/05/15/united-states-attorney-d-c-clears-trevor-fitzgibbon-sexual-misconduct-charges/].  The Shadowproof article noted, *inter alia*, that Radack had been represented by high-profile attorney Gloria Allred, but, significantly, Allred never held a press conference or made a single public statement against FitzGibbon.  The Shadowproof article was also published on Twitter:



35.     Within days of the publication of the Shadowproof.com article, Radack began to aggressively attack Trevor Fitzgibbon.   Employing a campaign of digital defamation, Radack used Twitter to publish and republish (tweet, retweet and like) false and defamatory statements of and concerning Trevor Fitzgibbon:[2]

a.     On May 16, 2017, Radack "like[d]" and, thereby, republished the following false and defamatory tweet to her (Radack's) 35,600 Twitter followers:



b.     On May 17, 2017, Radack "like[d]" and, thereby, republished the following false and defamatory tweet to her (Radack's) 35,600 Twitter followers:

---

[2]     Several of Radack's clients, including Drake (52,000 followers) and Kiriakou (30,800 followers), follow Radack on Twitter and, therefore, received Radack's tweets, retweets and likes.   Drake republished (retweeted) numerous of Radack's false and defamatory tweets to Drake's 52,000 followers.   Within days of one of Radack's defamatory tweets, Kiriakou published an article on the #MeToo movement. [https://readersupportednews.org/opinion2/277-75/47594-can-metoo-reach-the-hidden-victims].



The attachment to "Sean Carlson's" tweet was a statement published by anonymous "Former Fitzgibbon Employees". [https://medium.com/@formerfitzgibbon/former-staff-of-fitzgibbon-media-respond-to-statements-professional-retaliation-by-former-firm-d0dd2c3d3cc5]. The statement contained false and defamatory statements about Fitzgibbon, including (1) "Trevor FitzGibbon used the announcement that he evaded criminal charges in D.C. to … retaliate against former staff who dared speak up"; (2) "FitzGibbon's efforts to shame victims of his abuse have resulted in significant emotional distress for former staff, and prove he has learned nothing since the closure of the firm. There is no place for this kind of behavior in the progressive movement"; and (3) "We urge members of the progressive community and journalists to seriously question the credibility of FitzGibbon's claims.  These claims are deeply rooted in personal attacks against those of us who have dared to stand up and speak out about his behavior, both before and after Trevor closed the firm as a result of the accusations against him."

c.      On May 17, 2017, Radack "like[d]" and, thereby, republished the

following false and defamatory tweet to her (Radack's) 35,600 Twitter followers:



The attachment to "Neal Carter's" tweet was a statement that the organization,

Ultraviolet, was urging "progressive allies" to sign on to a letter denouncing Fitzgibbon.

The Ultraviolet letter contained multiple false and defamatory statements about

Fitzgibbon.  The letter is described in more detail below.  Radack concealed the fact that

she had a consensual affair with Trevor Fitzgibbon.  Radack made it appear as if she was

a victim.  Radack deceived her Twitter followers and the #MeToo movement.

d.      On May 17, 2017, Radack "like[d]" and, thereby, republished the

following false and defamatory tweet to her (Radack's) 35,600 Twitter followers:



The article attached to the "Deanna Zandt" tweet contained multiple false and defamatory statements about Trevor Fitzgibbon, including the fact that "now, evidently, it's time for FitzGibbon's second act" and "Trevor FitzGibbon … evaded criminal charges in D.C.". [https://jezebel.com/founder-of-pr-firm-shut-down-over-sexual-harassment-all-1795302563].

        e.     On May 18, 2017, Radack "like[d]" and, thereby, republished the following false and defamatory tweet to her (Radack's) 35,600 Twitter followers:



   f.  On May 18, 2017, Radack republished (retweeted) the following

false and defamatory tweet to her 35,600 followers:



MoveOn.org, a former client of Fitzgibbon Media, had 291,000 followers on Twitter.

MoveOn.org attached to its tweet the same statement from the anonymous "Former

Fitzgibbon  Employees"  that  Carlson  attached  to  his  tweet.

[https://medium.com/@formerfitzgibbon/former-staff-of-fitzgibbon-media-respond-to-statements-professional-retaliation-by-former-firm-d0dd2c3d3cc5].

g.    On May 18, 2017, Radack republished (retweeted) the following false and defamatory tweet to her 35,600 followers:



Attached to Davis' tweet was a May 18, 2017 article that Davis published on blog-site, Medium.com.    [https://medium.com/@charlesdavis/trevor-fitzgibbon-used-to-run-a-major-progressive-public-relations-firm-representing-clients-from-25e93256217f].    The

article contains multiple false and defamatory statements about Trevor Fitzgibbon, including: (1) "After shuttering his own company, FitzGibbon disappeared. A year and half later, though, he's back with a public relations push, planting fake news about the allegations against him—and the women who made them—in a publication, Shadowproof"; (2) there were "years of allegations against FitzGibbon"; (3) Davis' article also republished multiple defamatory tweets, including one from Melissa Byrne, a former staffer on U.S. Senator Bernie Sanders' 2016 presidential campaign and an activist, who wrote:



Byrne also tweeted the following about Trevor Fitzgibbon on May 16, 2017:



        h.        On May 22, 2017, Radack "like[d]" and, thereby, republished the following false and defamatory tweet to her (Radack's) 35,600 Twitter followers:



There was a press release attached to the weareultraviolet.org tweet.  The press release, including a letter to "Trevor Fitzgibbon" embedded in the press release, contained false and defamatory statements, including: (1) "Today, 72 progressive organizations, including Ultraviolet, CREDO, Sierra Club, and NARAL Pro-Choice America, released a letter directed at Trevor Fitzgibbon, former President of Fitzgibbon Media and sexual abuser, pledging not to support his new firm, Mission Critical Media"; (2) "It's an unfortunate reality that our judicial system too often fails sexual assault survivors.  The U.S. Attorney's decision regarding your case is far from an absolution of misconduct.  As

members of the progressive movement, we believe survivors – and we won't work with individuals who have a history of harassment and assault"; (3) "Rape culture is alive and well in our society and, unfortunately, in the progressive movement.  Too often, survivors are shamed, questioned, or forced into silence.  It's time for all of us to take a stand, together, against rape culture and for justice for survivors.  Shaming survivors as you attempt to minimize your misconduct and market yourself as a champion of women is not only insulting, but a dangerous display of rape culture in action.  We won't be complicit in your cover-up through this shallow, self-serving project masked as an initiative to end workplace harassment.  It will do far more harm than good in the precedent it sets."

      i.      On May 22, 2017, Radack republished (retweeted) the following false and defamatory tweet by "Charles Davis", @charliearchy:



      j.      As the #MeToo movement began to gain momentum in the fall of 2017, Radack publicly proclaimed that she too had a "Harvey Weinstein" story to tell. Radack continued to conceal the fact that she had had an affair with Trevor Fitzgibbon freely and voluntarily and without force, coercion or intimidation of any kind.  On

October 11, 2017, Radack published (tweeted) the following about Trevor Fitzgibbon to her 35,600 followers:



k.      On October 13, 2017, Radack published (tweeted) the following about Trevor Fitzgibbon to her 35,600 followers:



Radack knew that her tweets about Trevor Fitzgibbon would be republished, liked and shared by her 35,600 followers with *__their__* hundreds of thousands perhaps millions of followers.  For instance, Radack's October 13, 2017 tweet was republished (retweeted) by "Notso Mellow D" (3,656 followers), "GodandtheBear" (14,927 followers), "Yael

Grauer" (6,743 followers), "TlinAl" (617 followers), "Janet Wood Brown" (67 followers), "Lucie Perreault" (85 followers), "Carmine" (289 followers), "Calvynne KT" (76 followers), "Clara Campos" (366 followers), "Bon de Veire" (194 followers), "Gwen Johnson" (115 followers), "John-Mark Gurney" (1,015 followers), "Rich Felker" (1,494 followers), "Yes, I'm A Fire Sign" (2,476 followers), "William Neuheisel" (470 followers),[3] "Succube desoeuvree" (422 followers), "Love4WorldPeace" (2,323 followers), "Tony Naggs" (944 followers), "Edu-CyberPlayGround" (1,495 followers), "Marta Lisle" (5,809 followers), "weems-OSCP Student" (1,386 followers), "Spookd Blog" (3,588 followers).

l.    Radack intentionally used social media as a weapon to amplify her defamation and expand its scope.

m.    On October 14, 2017, Radack published (tweeted) the following about Trevor Fitzgibbon to her 35,600 followers:



unR A D A C K ted
@JesselynRadack

I know too many men (ranging from garden-variety sexual harassers to predators) that think they're God's gift to liberal progressivism.

10:19 AM · Oct 14, 2017

---

[3]    Williams Neuheisel is a collaborator and/or colleague of Radack. [http://thehill.com/opinion/cybersecurity/354543-congress-should-ensure-whistleblower-protections-if-it-renews-nsas-mass].  Neuheisel is a "web geek, feminist, human rights and civil liberties advocate" with the WHISPeR program at @xposefacts. [https://twitter.com/wneuheisel?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor].

n.    On October 28, 2017, Radack published (tweeted) the following about Trevor Fitzgibbon to her 35,600 followers:



o.    On December 5, 2017, Radack published (tweeted) the following to her 35,600 followers:



This tweet, as with all the others cited above, is of and concerning Trevor Fitzgibbon.

        p.     On December 5, 2017, Radack republished (retweeted) the following about Trevor Fitzgibbon to her 35,600 followers:



        q     On December 21, 2017, Radack published two (2) tweets.  In the first tweet at 5:59 p.m., she attached a *BuzzFeed* article with the following statement:



In the second tweet at 6:02 p.m., Radack stated:



36.     In addition to the publications and republications detailed above in paragraph 35, between December 2015 and May 2017, Radack told numerous other people that Trevor Fitzgibbon had raped or sexually abused her.  Janet Wood Brown, for instance, published the following tweet on December 21, 2015:



37.     Radack knowingly filed a false police report, in itself a criminal offense, and, thereafter, continued to defame Fitzgibbon through December 2017.

38.     Between November 4, 2015 and the present, Radack took no civil action of any kind against Trevor Fitzgibbon because of the alleged rape and sexual abuse because, in fact, no rape or sexual abuse occurred.  Radack knew that, if she signed a complaint, she would be sanctioned under Rule 11 of the Federal Rules of Civil Procedure.

39.     The filing of criminal charges against Trevor Fitzgibbon was premeditated.  Radack intended to put Trevor Fitzgibbon on a permanent "Rape List".

Radack has a long history with "Rape Lists". She has used them as a form of reprisal. https://www.salon.com/2014/10/09/ivy_leagues_rape_fiasco_a_personal_reflection_of_p rogress_and_sadness/; http://www.browndailyherald.com/2004/09/22/rape-list-serving- the-brown-community-since-1991/]. Radack intended to use the court of popular opinion to crucify Trevor Fitzgibbon without due process. She lodged criminal complaints, which she knew would immediately injure Fitzgibbon's reputation in the ever-prejudicial court of public opinion. Radack intended to turn Fitzgibbon into a pariah, so he could not work or afford a lawyer. She knew that the accusations of a prominent whistleblower attorney would be enough, in and of themselves, to condemn Trevor Fitzgibbon. Radack's tactics were tortious, sharp, immoral and unethical.

40.     Radack made and published to third-parties, including her 35,600 Twitter followers, numerous false factual statements, which are detailed verbatim above, of or concerning Trevor Fitzgibbon.

41.     By tweeting and retweeting, Radack knew or should have known that her false and defamatory statements would be republished over and over by third-parties millions of times to Trevor Fitzgibbon's detriment and injury.  Republication by Radack's Twitter followers, including Drake, was the natural and probable consequence of Radack's actions and was actually and/or presumptively authorized by Radack.  In addition to her original publications, Radack is liable for the republication of the false and defamatory statements by third-parties under the doctrine announced in *Weaver v. Home Beneficial Co.*, 199 Va. 196, 200, 98 S.E.2d 687 (1957) ("where the words declared on are slanderous per se their repetition by others is the natural and probable result of the original slander.").

42.     Radack's false statements constitute defamation *per se*.  The statements accuse and impute to Trevor Fitzgibbon the commission of felonies and crimes involving moral turpitude and for which Fitzgibbon may be punished and imprisoned in a state or federal institution.  Rape, for instance, is punishable, in the discretion of the court or jury, by confinement in a state correctional facility for life or for any term not less than five years. *§ 18.2-61(B) of the Virginia Code (1950), as amended*.  Radack's statements also impute to Fitzgibbon an unfitness to perform the duties of an office or employment for profit, or the want of integrity in the discharge of the duties of such office or employment.  Radack's statements also severely prejudice Fitzgibbon in his profession or trade.

43.     Radack's false statements harmed Trevor Fitzgibbon.

44.     Radack made the false statements with actual or constructive knowledge that they were false or with reckless disregard for whether they were false.  Radack acted with actual malice and reckless disregard for the truth for the following reasons:

   a.     Radack lied to the police and lied to the United States Attorney.  She manufactured criminal charges and pursued those charges knowing all the while that no rape of sexual abuse had occurred.

   b.     Radack set out to promote a predetermined agenda, which was to destroy Trevor Fitzgibbon's reputation with falsehoods.

   c.     Radack continued to publish and republish false and scandalous statements and to use unnecessarily strong, violent, scandalous and egregious language, disproportionate to any occasion.

      d.     Radack did not act in good faith because, in the total absence of evidence and in the face of her own text messages and nude photos, she could not have had an honest belief in the truth of her statements about Trevor Fitzgibbon.

      e.     Radack reiterated, repeated and continue to republish false and defamatory statements, and enticed others to do so, out of a desire to hurt Fitzgibbon and to permanently stigmatize him.

45.     Radack lacked reasonable grounds for any belief in the truth of her statements, and, at the very least, acted negligently in failing to determine the true facts.

46.     As a direct result of Radack's defamation, Trevor Fitzgibbon suffered substantial damage and loss, including, but not limited to, presumed damages, actual damages, loss of business and income, pain and suffering, emotional distress and trauma, insult, anguish, stress and anxiety, public ridicule, humiliation, embarrassment, indignity, damage and injury to his reputation, attorney's fees, costs, and other out-of-pocket expenses in an amount to be determined by the Jury, but not less than $10,000,000.00.

## COUNT III – **INSULTING WORDS**

47.     Radack's insulting words, in the context and under the circumstances in which they were written and used, tend to violence and breach of the peace.

48.     Like any reasonable person, Trevor Fitzgibbon was humiliated, disgusted, angered and provoked to violence by the false accusations of rape, sexual abuse and sexual harassment of Radack.

49.     Radack's false, libelous and slanderous words are fighting words, which are actionable under § 8.01-45 of the Virginia Code (1950), as amended.

50.     As a direct result of Radack's insulting words, Trevor Fitzgibbon suffered damage and loss, including, but not limited to, actual damages, loss of business and income, pain and suffering, emotional distress and trauma, insult, anguish, stress and anxiety, public ridicule, humiliation, embarrassment, indignity, damage and injury to reputation, attorney's fees, costs, and other out-of-pocket expenses in an amount to be determined by the Jury, but not less than $10,000,000.00.

51.     Radack attempted to use the Office of the United States Attorney and social media to portray herself as a "victim" of rape and sexual abuse.  She is not a victim at all.  Radack hijacked the ideals of the #MeToo movement and used those ideals as a sword to destroy the life of another human being.  What Radack did – falsely accuse Trevor Fitzgibbon of horrible crimes that Fitzgibbon most certainly did not commit – has NOTHING to do with basic human rights, dignity, self-respect and equality.  Radack's conduct is shameful and embarrassing and demeaning to all women.  Radack was a willing participant in a relationship between consenting adults.  Rather than own her relationship with Fitzgibbon, she chose to cry "rape", lie to law enforcement, falsify criminal charges, and attempt to fraudulently align herself with real "victims" of violence.  No matter how powerful Radack is, she has committed egregious crimes against humanity by falsely accusing Trevor Fitzgibbon of crimes he did not commit.

Trevor Fitzgibbon alleges the foregoing based upon personal knowledge, public statements of others, and records in his possession.  He believes that substantial additional evidentiary support, which is in the exclusive possession of Radack and her clients, agents and other third-parties, including former clients of Fitzgibbon Media, will exist for the allegations and claims set forth above after a reasonable opportunity for discovery.

Fitzgibbon reserves the right to amend this Complaint upon discovery of additional instances of Radack's malicious prosecution, defamation and insulting words.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Trevor Fitzgibbon respectfully request the Court to enter Judgment against Jesselyn Radack as follows:

A.     Compensatory damages in an amount to be determined by the Jury, but not less than $10,000,000.00;

B.     Punitive damages in the amount of $350,000.00 or the maximum amount allowed by law;

C.     Prejudgment interest at the rate of 6% per year on the Principal Sum awarded by the Jury from April 20, 2017 to the date of Judgment;

D.     Postjudgment interest at the rate of six percent (6%) per annum until paid;

E.     Attorney's Fees and Costs;

F.     Such other relief as is just and proper.

## TRIAL BY JURY IS DEMANDED

DATED:        April 26, 2018


                    TREVOR FITZGIBBON



            By:     /s/ Steven S. Biss
                    Steven S. Biss (VSB # 32972)
                    300 West Main Street, Suite 102
                    Charlottesville, Virginia 22903
                    Telephone:      (804) 501-8272
                    Facsimile:      (202) 318-4098
                    Email:          **stevenbiss@earthlink.net**

                    *Counsel for the Plaintiff*