UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| PLAINTIFF | ) ) |
| vs. | ) Civil Action No. 3:18-cv-247-REP |
| JESSELYN A. RADACK, | ) ) ) |
| DEFENDANT | ) ) ) ) |

## **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S JURISDICTIONAL DISCOVERY REQUESTS**

### **Interrogatories**

1. Identify the computer(s) or device(s) used by Radack and Radack's physical location(s) at the time she published the tweets, retweets and likes referred to in Counts II and III of Plaintiff's Amended Complaint.

**Objections:**

- The interrogatory is vague and unclear as to how computers or devices should be "identif[ied]."

2. For Twitter account @JesselynRadack, identify every person followed by @JesselynRadack and every person who is a follower of @JesselynRadack who is known and/or believed to reside or work in Virginia.

**Objections:**

- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

- The interrogatory is unduly burdensome in that it requests that Defendant review over 35,000 Twitter handles and determine, for each, if the person resides or works in Virginia.
- The interrogatory is overly broad and seeks information that is not relevant. To the extent that any Twitter followers are located in Virginia, this is a completely random or fortuitous occurrence which cannot establish jurisdiction in Virginia. *FireClean, LLC v. Tuohy*, No. 1:16-cv-0294, 2016 U.S. Dist. LEXIS 96294 (E.D. Va. July 21, 2016).
- The information requested is already publicly available on Defendant's Twitter page.

3. Identify all persons (including individuals, sole proprietorships, associations, trusts, partnerships, limited liability companies, and corporations) whose homes or offices are known or believed to be in Virginia, and with whom Radack transacted any business between April 13, 2015 and the present, and PRODUCE a copy of all contracts, agreements, invoices and billing records relating to such business.

**Objections:**

- The interrogatory exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The interrogatory is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the interrogatory is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the interrogatory is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- The interrogatory seeks information which is not relevant because the mere purchase of goods or services, even if occurring at regular intervals, is not enough to warrant personal

jurisdiction over an out-of-state defendant in a cause of action not related to those purchases. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 (1984).
- The interrogatory is improper to the extent that it requests the production of documents.
- The interrogatory is unduly burdensome in that it requests that Defendant review any business transactions, no matter how insignificant, and to determine where the other party to the transaction has a home or office in Virginia.

4. Identify and PRODUCE copies of records of all telephone calls made by Radack (from any land line, cell phone or computer) and all text messages sent by Radack (from any telephone, computer, iPad, Blackberry or other electronic device) to any person known or believed to be in Virginia or to area codes 276, 434, 540, 571, 703, 757 and/or 804 between April 13, 2015 and the present relating to any business, either actual (ongoing or completed) or prospective.

**Objections:**

- The interrogatory exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The interrogatory is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the interrogatory is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the interrogatory is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- The interrogatory is improper to the extent that it requests the production of documents.
- The interrogatory is unduly burdensome in that it requests that Defendant review records of every phone call made or text message sent for a period of over three years, determine

which calls or text messages relate to actual or prospective business, and then determine whether the person was in Virginia.
- The interrogatory is vague in that it is unclear whether "in Virginia" means that the person is domiciled in Virginia or was physically located in Virginia at the time the phone call or text message was received.
- The interrogatory is vague in that it is unclear what constitutes a phone call or text message "relating to" any business. *See Belk, Inc. v. Meyer Corp.*, No. 3:07-CV-168-DCK, 2009 U.S. Dist. LEXIS 26734 at *11 (W.D.N.C. Mar. 13, 2009).
- The interrogatory is overbroad in that it requests that Defendant identify phone calls or text "relating to" any business, not just phone calls or messages in which business was transacted.

5. Identify and PRODUCE copies of all email communications between Radack and any person known or believed to be in Virginia between April 13, 2015 and the present relating to any business, either actual (ongoing or completed) or prospective.

**Objections:**

- The interrogatory exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The interrogatory is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the interrogatory is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the interrogatory is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

- The request seeks information which is not relevant because the mere purchase of goods or services, even if occurring at regular intervals, is not enough to warrant personal jurisdiction over an out-of-state defendant in a cause of action not related to those purchases. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 (1984).
- The interrogatory is improper to the extent that it requests the production of documents.
- The interrogatory is unduly burdensome in that it requests that Defendant locate every email sent or received by Defendant for a period of over three years, read each email to determine whether it relates to actual or prospective business, and then determine whether the person was in Virginia.
- The interrogatory is vague in that it is unclear whether "in Virginia" means that the person is domiciled in Virginia or was physically located in Virginia at the time the email was sent or received.
- The interrogatory is vague in that it is unclear what constitutes an email "relating to" any business. *See Belk, Inc. v. Meyer Corp.*, No. 3:07-CV-168-DCK, 2009 U.S. Dist. LEXIS 26734 at *11 (W.D.N.C. Mar. 13, 2009).
- The interrogatory is overbroad in that it requests that Defendant identify emails "relating to" any business, not just emails in which business was transacted.

6. Identify the number of times Radack and/or her agents, representatives and/or employees have been physically present in Virginia between April 13, 2015 and the present, and, for each occasion, describe in detail (a) the reason for being in Virginia, (b) the nature of any business activity conducted in Virginia, and (c) the location and duration of each visit.

**Objections:**

- The interrogatory is overbroad to the extent it requests information about times other than those identified in the Complaint when Defendant is alleged to have tweeted, retweeted, and "liked" certain tweets.
- The interrogatory exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The interrogatory is not relevant to establishing specific personal jurisdiction to the extent that it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the interrogatory is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the interrogatory is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.

- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

7. Describe in detail and identify all property, real and/or personal, owned by Radack or in which Radack has any legal or beneficial interest that is located in Virginia.

**Objections:**

- The interrogatory exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The interrogatory is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the interrogatory is not relevant to the issue of general jurisdiction to the extent that it seeks information pertaining to property other than Defendant's domicile. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the interrogatory is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- The interrogatory is overbroad in that it is not limited to a specific time period.

8. Describe in detail and identify all revenue, royalties, fees, commissions and other income derived, in whole or any part, from any sales of books, memoirs, dvds, CDs, audio or

video recordings, movies, documentaries, speaking engagements, and/or appearances by Radack in Virginia between April 13, 2015 and the present.

**Objections:**

- The interrogatory exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The interrogatory is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the interrogatory is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the interrogatory is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

9. Describe in detail and identify all debts owed by Radack to any person known or believed to be in Virginia.

**Objections:**

- The interrogatory exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The interrogatory is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the interrogatory is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v.*

*Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the interrogatory is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- The interrogatory is overbroad in that it is not limited to any specific time period

10. Identify all attorneys, agents, representatives, employees, contractors, vendors, and other persons whose homes or businesses are located in Virginia, and who performed labor or services or who furnished goods and materials to Radack or for her benefit between April 13, 2015 and the present, and, for each such person, describe in detail the labor, services, good and/or materials supplied or furnished by such person.

**Objections:**

- The interrogatory exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The interrogatory is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the interrogatory is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the interrogatory is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See*

*FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).

- The interrogatory is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- The request seeks information which is not relevant because the mere purchase of goods or services, even if occurring at regular intervals, is not enough to warrant personal jurisdiction over an out-of-state defendant in a cause of action not related to those purchases. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 (1984).
- The location of Defendant's attorneys' homes is completely irrelevant to the limited jurisdictional discovery permitted by the Court.

## **Requests for Production of Documents**

1. All documents requested to be produced in and by the above Interrogatories.

**Objections:**

- The request is an improper multi-part request.
- The request is improper for the same reasons that the corresponding interrogatories are improper. Defendant incorporates by reference her objections to each of the interrogatories as to which Plaintiff requests the production of documents.

Documents are being withheld pursuant to the foregoing objections.

2. Financial statements, balance sheets, and income and expense statements for Radack for the years 2015, 2016, 2017 and 2018 (year-to-date).

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the request is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and

Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the request is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

Documents are being withheld pursuant to the foregoing objections.

3. Federal income tax returns for Radack for the years 2015, 2016, and 2017, including all notes, statements, and accompanying workpapers.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the request is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the request is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).

Documents are being withheld pursuant to the foregoing objections.

4. Account statements, monthly, quarterly and year-end, for any account in the name of Radack, or controlled or beneficially owned by Radack at any federal lending institution, bank, credit union, and/or brokerage located in Virginia for the period from April 15, 2015 to the present.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the request is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the request is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

No documents are being withheld pursuant to the foregoing objections.

5. Account statements for any and all credit cards and/or debit cards used by Radack in Virginia between April 13, 2015 and the present.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the request is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations,*

*S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the request is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- Any documents responsive to this request are not relevant because the mere purchase of goods or services, even if occurring at regular intervals, is not enough to warrant personal jurisdiction over an out-of-state defendant in a cause of action not related to those purchases. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 (1984).

Defendant does not know whether responsive documents exist. Determining the existence of responsive documents would itself be unduly burdensome. To determine the existence of responsive documents, Defendant would need to order copies of all credit card and/or debit card statements for a period of over three years, review every transaction on every statement over the last three years, and determine whether the transaction took place in Virginia.

6. All documents emailed, texted, transmitted, faxed, mailed, hand-delivered or otherwise provided by Radack to any person known or believed to be in Virginia between April 13, 2015 and the present.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the request is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and

Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the request is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- To the extent documents exist, they would be attorney-client and attorney work product privileged material. Defendant is an attorney and the request, as worded, sweeps within its scope confidential communications between Defendant and her clients seeking or providing legal advice.
- To the extent documents exist, they would not be relevant. Any responsive documents would be emails between Defendant and her clients which are entirely unrelated to this case.

Defendant does not know whether responsive documents exist. Determining the existence of responsive documents would itself be unduly burdensome.

Construing the request as excluding attorney-client privileged or work product privileged material, no documents are being withheld pursuant to the foregoing objections.

7. All emails, texts, direct messages, iMessages and other electronic communications by Radack between April 13, 2015 and the present that mention Plaintiff or that are of and concerning Plaintiff.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing jurisdiction, but instead seeks information relating to Plaintiff's causes of action.
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- The request seeks information protected by the attorney-client and attorney work product privileges. There are approximately 20 emails from undersigned counsel to Defendant providing legal advice to Defendant relating to litigation between the parties. These emails are all dated between April 22, 2018 and the present. The recipient of these emails was Defendant and co-counsel. There are approximately 24 emails from Defendant to

undersigned counsel seeking legal advice relating to litigation between the parties. These emails are all dated between April 20, 2018 and the present. The recipient of these emails was undersigned counsel.

Documents are being withheld pursuant to the foregoing objections.

8. All contracts or agreements between Radack and any person or business (including individuals, sole proprietorships, associations, trusts, partnerships, limited liability companies, and corporations) located in Virginia entered into and/or performed in 2015, 2016, 2017 and/or 2018.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the request is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the request is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

No documents are being withheld pursuant to the foregoing objections.

9. Deeds, deeds of trust, mortgages, leases, bills of sale, purchase orders, bills of lading, titles, security agreements, tax bills and other documents that constitute, evidence, demonstrate or show any interest, legal or equitable, by Radack in any real or personal property located in Virginia.

**Objections:**

- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- The request is overbroad in that it is not limited to any specific time period.

No documents are being withheld pursuant to the foregoing objections.

10. All documents that evidence, demonstrate or show Radack's purchase of any goods or services from vendors located in Virginia, including, without limitation, complete copies of all purchase orders, account statements, invoices and receipts.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the request is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the request is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- The request is overbroad in that it is not limited to any specific time period.
- Any documents responsive to this request are not relevant because the mere purchase of goods or services, even if occurring at regular intervals, is not enough to warrant personal jurisdiction over an out-of-state defendant in a cause of action not related to those purchases. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 418 (1984).

Documents are being withheld pursuant to the foregoing objections.

11. All notes, memoranda, and other records of conversations (excluding only documents that constitute or evidence communications with legal counsel) between Radack and any person known or believed to be in Virginia between April 13, 2015 and the present.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing specific personal jurisdiction because it is not limited to the issue of whether the defendant's acts which give rise to the claims in this case occurred in Virginia.
- In addition to not being relevant to the issue of specific jurisdiction, the request is not relevant to the issue of general jurisdiction. Defendant is an individual, not a corporation, and therefore the dispositive issue is her domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); *Kuhnen v. Remington*, No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at *8 (M.D.N.C. June 29, 2016) ("Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are 'citizen[s] and resident[s]' of Tennessee, Indiana, and Massachusetts. As a result, the court lacks general personal jurisdiction over the defendants in this case.") Because the request is not designed to obtain information about Defendant's domicile, the request is not relevant to the issue of general jurisdiction.
- Defendant further objects that discovery as to whether Defendant should be subject to general personal jurisdiction in Virginia would amount to a mere fishing expedition. *See FireClean LLC v. Tuohy*, No. 1:16-cv-294-JCC-MSN, 2016 U.S. Dist. LEXIS 109620 (E.D. Va. June 14, 2016).
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")
- To the extent documents exist, they would be attorney-client and attorney work product privileged material. Defendant is an attorney and the request, as worded, sweeps within its scope confidential communications between Defendant and her clients seeking or providing legal advice.
- To the extent documents exist, they would not be relevant. Any responsive documents would be emails between Defendant and her clients which are entirely unrelated to this case.

Excluding documents that constitute or evidence communications with legal counsel, no documents are being withheld pursuant to the foregoing objections.

12. Copies of any tweets, retweets, likes, shares, posts, blogs, photographs, messages or written content of any kind or nature posted by Radack on any social media platform, including, without limitation, Twitter, YouTube, Google Plus, FaceBook and/or LinkedIn, which mention Plaintiff or that are of and concerning Plaintiff.

**Objections:**

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing jurisdiction, but instead seeks information relating to Plaintiff's causes of action.
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

No documents are being withheld pursuant to the foregoing objections.

13. All selfies and photographs of Radack delivered to Plaintiff.

- The request exceeds the scope of the limited jurisdictional discovery permitted by the Court in this case. The request is not relevant to establishing jurisdiction, but instead seeks information relating to Plaintiff's causes of action.
- The request is overbroad to the extent it relates to the period of time subsequent to the commencement of this action. *See Proprietors of Strata Plan No. 36 v. Coral Gardens Resort Mgmt., Ltd.*, No. 1:09-cv-550(AJT-TRJ), 2009 U.S. Dist. LEXIS 97704 at *17 (E.D. Va. Oct. 16, 2009) ("Contact with a forum that occurs after the filing of a complaint cannot establish personal jurisdiction.")

**Objections:**

Construing the request to not include a copy of the Complaint filed in this case, no documents are being withheld pursuant to the foregoing objections.

 /s/ Andrew Clarke

ANDREW CLARKE LAW, PLLC
1712 I Street, NW, Suite 915
Washington, DC 20006
Telephone: (202)780-9144
a.clarke@aclarkelaw.com
VA Bar # 87395

  /s/ Jeffrey Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com
*Pro hac vice*

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May 2018, I will send via email and First Class postal mail the foregoing document to the following counsel for Plaintiff:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
stevenbiss@earthlink.net

  /s/ Andrew Clarke_____

ANDREW CLARKE LAW, PLLC
1712 I Street, NW, Suite 915
Washington, DC 20006
Telephone: (202)780-9144
a.clarke@aclarkelaw.com
VA Bar # 87395

  /s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com
*Pro hac vice*

*Counsel for Defendant*