UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

TREVOR FITZGIBBON,

    Plaintiff,

vs.

JESSELYN A. RADACK,

    Defendant.

) ) ) ) ) ) ) ) ) ) )

Civil Action No. 3:18-cv-247-REP

## DECLARATION OF DEFENDANT JESSELYN A. RADACK

I, Jesselyn A. Radack, declare the following. For the purposes of this Declaration, the "Relevant Period" means April 1, 2015 through August 22, 2018:

1. My name is Jesselyn Radack and I am the defendant in this matter.

2. I have been a resident of the District of Columbia continuously since 1995.

3. I do not now, nor have I ever lived in the Commonwealth of Virginia.

4. I do not now, nor have I ever owned or leased real or personal property located in the Commonwealth of Virginia.

5. I do not now, nor have I ever maintained any personal property or assets in the Commonwealth of Virginia.

6. I do not now, nor have I ever maintained any other assets or bank accounts in the Commonwealth of Virginia.

7. I have never paid taxes or filed any tax returns in Virginia.

8. I have no liabilities or debts owed to any person or entity in the Commonwealth of Virginia.

1

9. I do not now, nor have I ever maintained a post office box, mailing address, or telephone number in the Commonwealth of Virginia.

10. I have never owned or operated a business in Virginia, registered a foreign entity to do business in Virginia, maintained a Registered Agent in Virginia, or engaged contractors or employees to perform work in the Commonwealth of Virginia.

11. During the Relevant Period, I did not solicit business in Virginia or from Virginia residents.

12. During the Relevant Period, I did not contract to supply goods or services in Virginia in connection with any business activity.

13. I am an attorney licensed in the District of Columbia since 1996 currently on active status. I was also licensed in Maryland in 1996 and am currently on inactive status with the Maryland State Bar.

14. During the Relevant Period, I did not represent a client in a state or federal court in Virginia or in a regulatory proceeding in Virginia. I have never been admitted *pro hac vice* to any court in Virginia.

15. During the Relevant Period, I have maintained only one principle place of business which is my office in the District of Columbia. I have a nationwide legal practice representing clients in various jurisdictions. I have represented individuals who had or have legal matters in multiple jurisdictions including Virginia, however, I did not provide representation or legal advice on their matters in Virginia. For example, I represent Edward Snowden but not in the litigation pending in Virginia. During the Relevant Period, I represented two individuals, John Kiriakou and Said Barodi, who happen to be residents of Virginia, however, their cases were not maintained in Virginia, nor were the causes of action based on Virginia law, nor did I ever meet

with them in Virginia. I have also represented drone operators but none of the representation occurred while they were stationed at the Counterterrorism Airborne Analysis Center in Langley, Virginia. All but one of the drone operators were stationed at the Creech Air Base in Nevada. However, the drone operators were all unemployed when I represented them and that representation occurred well before the Relevant Period at issue in this litigation. I have never provided legal advice to members of the Advisory Board of ExposeFacts.

16. Because my professional interest and legal practice is focused on whistleblowers, I strive to be informed and current on legal developments in that subject area. On one occasion during the Relevant Period, I witnessed the sentencing hearing for Jeffrey Sterling, who was not a client, in a Virginia court because the case involved whistleblower law and the Espionage Act. I did not represent Jeffrey Sterling directly or indirectly, was not seeking to represent him or soliciting business from him, nor have I ever consulted with him, provided professional advice to him, or even spoken to him. The Institute for Public Accuracy published a notice that I would be available to take questions from the media after Sterling's sentencing hearing. I did not participate in the press conference at the Alexandria courthouse after Sterling's sentencing hearing. I left the sentencing hearing and went straight back to my home or office in the District of Columbia. I responded to media inquiries on the subject hearing later in the day.

17. In 2015, when I was communicating with the Plaintiff I was unaware that he was a resident of Virginia. I knew he owned or was the founder of Fitzgibbon Media which I believed to have offices in D.C. and New York. In 2016, when I filed Public Incident Report CNN number 1603512 containing allegations against Plaintiff, I was unaware that he was a resident of Virginia. To the best of my recollection I did not have knowledge of Plaintiff's place of

3

residence during the Relevant Period but rather learned that he alleges to have been a Richmond, VA resident only when this litigation was filed.

18. I use social media to discuss matters related to my practice area, however, my postings or tweets - including retweets and likes - are not directed to or at specific Virginia residents or entities but rather to an undefined audience of Internet users around the world. My Twitter account is public, i.e., it is not restricted to only users that I accept but is available to anyone with a Twitter account. None of the tweets, retweets, or likes set forth in the Second Amended Complaint were done from Virginia.

19. In 1991, I was diagnosed with Multiple Sclerosis, a chronic neurological degenerative disease that progressively attacks the central nervous system. Resulting symptoms become progressively worse over time including but not limited to problems with vision, bladder, ambulation and fatigue. As a result, I do not drive at night and am unable to drive myself long distances. When I travel by air, I am able to get up and move and use the restroom but a lengthy trip by car on the notoriously backed-up section of Interstate 95 from D.C. to Richmond would be extremely difficult, painful, inconvenient and costly for me. I would have to pay for a driver and the fatigue from such a trip would mean additional hours would be diverted away from my work in order to rest after a lengthy day of travel for a court appearance.

20. The potential witnesses who I may call at trial all live or work in the District of Columbia. To the best of my knowledge, none of these witnesses live or work in Virginia.

a. My OB/GYN maintains her practice in the District of Columbia.

b. My former therapist, now retired, had offices in Maryland and the District of Columbia.

c. The eyewitness to the Barr Building incident resides in Maryland and works in the District of Columbia.

d. Former employees of FitzGibbon Media who I may call as witnesses at trial work and/or reside in the District of Columbia.

21. Other former employees of Fitzgibbon Media who I may call as witnesses at trial work and/or reside in New York, and do not work and/or reside in Virginia.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/14/18

Jesselyn Radack