

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TREVOR FITZGIBBON,

    Plaintiff,

v.                                                            Civil Action No. 3:18-cv-247

JESSELYN A. RADACK,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Jesselyn A. Radack's RENEWED MOTION TO TRANSFER VENUE (ECF No. 76). For the following reasons, the motion will be denied.

## BACKGROUND

Trevor Fitzgibbon instituted this action against Radack, claiming that she maliciously prosecuted and defamed him by falsely accusing him of sexual assault. See generally ECF No. 12.

After the pre-trial conference and after she had filed various other motions, Radack instituted a bankruptcy action under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Columbia. She then filed a notice of removal to remove this case to the United States Bankruptcy Court for the Eastern District of Virginia, but the bankruptcy judge held that this removal was improper. Fitzgibbon v. Radack, No. 18-3096 (Bankr. E.D. Va. October 25, 2018). Thus, the action was remanded back to this Court.

Pursuant to 11 U.S.C. § 362, this action was stayed with respect to Radack because she instituted the bankruptcy action. ECF No. 75. Further, Radack filed a motion to transfer the case. ECF No. 76. Fitzgibbon responded, ECF No. 77, and Radack replied. ECF No. 79.

**DISCUSSION**

I. **Section 1404 Governs Transfer of Venue When the Action Is Not Under Title 11.**

The first issue to be determined is whether 28 U.S.C. § 1404(a)[1] or 28 U.S.C. § 1412[2] should be the basis for determining whether a transfer is proper.

The Fourth Circuit has not spoken on this issue, but the leading case by a district court in this circuit is from the Southern District of West Virginia. In <u>Dunlap v. Friedman's, Inc.</u>, 331 B.R. 674 (S.D. W.Va. 2005), the court held that, when a party requests a transfer to a pending related-to bankruptcy proceeding in another district court, Section 1412 governs whether a transfer is appropriate. <u>Id.</u> at 680. The court did so because (1) the

---

[1] Section 1404(a) says, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[2] Section 1412 says, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

2

leading commentator on the issue said that Section 1412 should govern, id. at 677; (2) Section 1404 would thwart transfer in many cases, which would "dilute the well-settled presumption that 'related to' proceedings should be litigated in the 'home court,'" id. at 678 (quoting Hohl v. Bastian, 279 B.R. 165, 177-78 (W.D. Pa. 2002)); and (3) the legislative history of Sections 1404 and 1412 confirmed the court's view. Id. at 679-80. Other courts have followed Dunlap. See, e.g., Brown v. Wells Fargo, N/A, 463 B.R. 332, 338 (M.D.N.C. 2011); Creekridge Capital, LLC v. Louisiana Hosp. Ctr., LLC, 410 B.R. 623, 628 (D. Minn. 2009).

But a recent decision by the United States Bankruptcy Court for the Southern District of New York challenges the Dunlap view. In Multibank, Inc. v. Access Global Capital LLC, 594 B.R. 618 (Bankr. S.D.N.Y. 2018), the bankruptcy court held that Section 1412 applies only to proceedings that arise "under" the Bankruptcy Code. Id. at 621. That was so, said the bankruptcy court, based on the plain language of Section 1412, because the phrases "related to" and "arises in" were left out of Section 1412. Id. at 622-23. So, a case "under title 11" must be one that asserts a bankruptcy claim. Id. at 623. The bankruptcy court in Multibank thought that the Dunlap court was incorrect because it had equated the language of Section 1475—which included the "arises in" and "related to" language—with that of Section 1412. Id. Therefore, Section 1412 could not apply to a transfer of a non-bankruptcy action,

3

necessarily meaning that Section 1404 is the appropriate mechanism. See id. at 624. Other courts have also maintained that Section 1404(a) controls. See, e.g., Rumore v. Wamstad, No. 01-2997, 2001 WL 1426680, at *2 (E.D. La. Nov. 13, 2001) ("Since section 1412 does not contain the phrase, 'or related to,' most courts have found that motions to transfer actions 'related to' title 11 cases should be governed by section 1404, the general change of venue provision."); Tultex Corp. v. Freeze Kids, L.L.C., 252 B.R. 32, 36 n.4 (S.D.N.Y. 2000) (same).

The Court finds the reasoning of Multibank more persuasive: the plain language of Section 1412 says: "A district court may transfer a case or proceeding under title 11 to a district court for another district." 28 U.S.C. § 1412 (emphasis added). This language teaches that the statute applies only to bankruptcy cases and proceedings because those are the only cases or proceedings filed "under title 11." Thus, the Court will examine the case under Section 1404 rather than Section 1412.[3]

---

[3] Further, it seems clear to the Court that, as Fitzgibbon argues, Radack's bankruptcy action was filed solely to avoid this litigation. In her December 2018 status report, Radack said that zero creditors appeared at her statutory meeting of creditors. ECF No. 80 at 1. She also did not mention any debts in this status report outside of "the claims against her." Id. at 2. In her January 2019 status report, Radack said only that she had "commenced the examination of claims against her to be addressed in a Chapter 11 Plan of Reorganization." ECF No. 81 at 1. And in a conference call on October 29, 2018, Radack's counsel said that any judgment in this case would be the biggest claim against Radack. Thus, there is a substantial evidentiary basis for

4

## II. The Section 1404 Factors Weigh Against a Transfer

Section 1404(a) says, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The first inquiry is whether the claims "might have been brought" in the transferee forum. See id.; Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 631 (E.D. Va. 2006). After that, the Court must consider and balance various factors to determine whether a transfer is warranted. Byerson, 467 F. Supp. 2d at 631.

A district court has discretion to decide motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Radack, as the movant, has the burden of showing that a transfer is proper. Byerson, 467 F. Supp. 2d at 631. In fact, Radack must show that the balance of convenience among the parties and witnesses "is beyond dead center, and strongly favors the transfer sought." Medicenters of America, Inc. v. T & V Realty & Equip. Corp., 371 F. Supp. 1180, 1184 (E.D. Va. 1974).

---

Fitzgibbon's contention that Radack's bankruptcy action was not filed in good faith. Instead, it appears to be a tactic to try to secure transfer of this case to the District of Columbia.

5

### A. Might an Action Against Radack Have Been Brought in the District of Columbia?

There is no dispute that the action could have been brought against Radack in her home district of the District of Columbia. Under 28 U.S.C. § 1391(b)(1), an action can be brought in any district in which a defendant resides, and under § 1391(b)(2), an action may be brought in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." Here, Radack lives in the District of Columbia, and much of the disputed events happened in the District of Columbia. Thus, the action could have been brought there.

### B. The § 1404(a) Factors Weigh Against Transfer

The factors to be considered for a § 1404(a) motion are: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015). Each of these factors are addressed below.

#### 1. Fitzgibbon's Choice of Forum

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" Id. (quoting Bd. of Trs. v. Sullivant Ave. Props.,

6

LLC, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). But, if the plaintiff's choice of forum is neither the nucleus of operative facts nor the plaintiff's home forum, the plaintiff's choice is accorded less weight. Intranexus, Inc. v. Siemens Med. Sols. Health Servs. Corp., 227 F. Supp. 2d 581, 583 (E.D. Va. 2002). Even then, the choice of forum is relevant if there is a connection between the forum and the plaintiff's claim that logically supports the plaintiff's decision to bring the case in the chosen forum. Mullins v. Equifax Info. Servs., LLC, No. 3:05-cv-888, 2006 WL 1214024, at *5 (E.D. Va. April 28, 2006).

As Radack notes, Fitzgibbon is no longer a citizen of Virginia, although he was at the time of the underlying events. He is now, and was when this action was filed, a citizen of North Carolina. Further, the underlying events happened in the District of Columbia. So, in her view, this factor favors a transfer.

The Court finds that Fitzgibbon's choice of forum does not carry its usual strong weight here, because Fitzgibbon does not live in Virginia and because the underlying facts did not occur here. However, Fitzgibbon's choice of forum is nonetheless entitled to significant weight because Fitzgibbon resided in Richmond, Virginia during the relevant events and most of his witnesses live in and around the Richmond. And, the effects of the allegedly defamatory remarks were felt in this forum. Thus, there

7

is a substantial connection to the forum that logically supports Fitzgibbon's decision to bring the case here.

2. **Convenience of the Parties**

The second factor to be weighed is the convenience to the parties in litigating in either venue. Koh v. Microtek Intern., Inc., 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). The first consideration when weighing the convenience of the parties is their residency. But "residence is not a controlling factor and may be outweighed in the context of a particular case by countervailing considerations relevant to the convenience of the witnesses and the interest of justice." 15 Fed. Prac. & Proc. Juris. § 3849 (4th ed.). Radack, as the movant, must show (1) that the original forum is inconvenient for her and (2) that Fitzgibbon will not be substantially inconvenienced by the transfer. Koh, 250 F. Supp. 2d at 636.

Radack resides in the District of Columbia, so transferring the case to her home district will be more convenient for her. Further, Radack states that she suffers from Multiple Sclerosis and that she is unable to drive for more than 15 minutes and would have to secure a driver for every proceeding. Radack also asserts that Fitzgibbon would not be inconvenienced by the action being transferred to the District of Columbia.

Fitzgibbon, on the other hand, points to a video of Radack where she sat on a stage for over an hour, and he thinks that Radack can easily travel to Richmond. Fitzgibbon does not specify in his pleadings how it would be more difficult for him to travel to the District of Columbia rather than Virginia, but his location in North Carolina is considerably closer to Richmond than it is to the District of Columbia.

The Court finds that this factor weighs slightly in favor of Radack because of Radack's medical condition and because Fitzgibbon has failed to state any reason why it would be more difficult for him to travel to the District of Columbia rather than Richmond.

### 3. Convenience of the Witnesses

The convenience of the witnesses is of considerable importance when considering a transfer, especially the convenience of non-party witnesses, whose location should be afforded greater weight in deciding a motion to transfer venue. See id. at 637. The party asserting witness inconvenience must offer sufficient details respecting the witnesses and their potential testimony, by affidavit or otherwise, to enable the Court to assess the materiality of evidence and the degree of inconvenience. Id. at 636. "Witness convenience is often dispositive in transfer decisions. But the influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses

9

involved and specifically describing their testimony." Bd. of Trs., Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1258 (E.D. Va. 1988) (footnote omitted). To satisfy her burden that a forum is inconvenient for witnesses, a movant must provide particularized information of a witness's potential testimony, how that testimony is material and non-cumulative, or the degree to which it will be inconvenient to access that testimony in this district. See Koh, 250 F. Supp. 2d at 636.

Radack argues that the clear majority of non-party witnesses live in the District of Columbia. As support, Radack cites her OB/GYN, her former therapist, an eyewitness to the events, Radack's husband, and an unspecified number of former employees of Fitzgibbon Media. Radack, however, fails to state what information each of these witnesses will provide, how important they are to the case, or how they will be inconvenienced by having to come to Richmond. So, in total, she lists four definitive witnesses, but it is unclear to the Court how necessary each is to the case.

Fitzgibbon lists four witnesses who reside in Richmond, one who resides in Charlottesville, and one who resides in Arlington. So, five of his witnesses are located closer to Richmond and one is located closer to the District of Columbia. But, like Radack, Fitzgibbon fails to state what information each of these witnesses will provide or how important they are to the case.

The burden of showing that the forum is inconvenient for witnesses is upon Radack, and she has failed to carry her burden. The Court has been given no information that any witness located in or around the District of Columbia will be burdened by coming to Richmond, and Radack has failed to provide any information about her witnesses' expected testimony. Further, transferring the case to the District of Columbia will essentially benefit Radack at the expense of Fitzgibbon. So, this factor weighs in favor of Fitzgibbon.

### 4. Interest of Justice

Finally, the Court must consider the "interest of justice," which encompasses public interest factors aimed at "systemic integrity and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988). Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity. See U.S. Ship Mgmt., Inc. v. Marsk Line, Ltd., 357 F. Supp. 2d 924, 937-38 (E.D. Va. 2005). Other factors include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." Koh, 250 F. Supp. 2d at 639.

Outside of her above-listed reasons, Radack says that the interests of justice favor her for two reasons. First, she argues

that a federal district court located in the District of Columbia is better able to apply the substantive law of that district than this Court. Second, Radack argues that the two locations in which the alleged sexual assault took place are in the District of Columbia, so it should be transferred in case those locations need to be visited. Fitzgibbon does not respond to these arguments.

The Court finds that Radack once again has failed to carry her burden for this factor. Even if Radack is correct that the substantive law of the District of Columbia applies to this case, she has failed to explain whether that law is substantially different from Virginia law. Moreover, it appears that the tort of "malicious prosecution" contains the same elements in both the District of Columbia and Virginia. Compare DeWitt v. District of Columbia, 43 A.3d 291, 296 (D.C. 2012), cert. denied 133 S. Ct. 449 (2012) (stating that malicious prosecution has four elements: "(a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the proceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) 'Malice,' or a primary purpose in instituting the proceeding other than that of bringing an offender to justice" (quoting Jarett v. Walker, 201 A.2d 523, 526 (D.C. 1964))), with O'Connor v. Tice, 704 S.E.2d 572, 575 (Va. 2011) (stating that a malicious prosecution is one in which "the prosecution was (1) malicious, (2) instituted by or with the cooperation of the

12

[defendant], (3) without probable cause, and (4) terminated in a manner not unfavorable to [the plaintiff]"). Nor has Radack shown a material difference in the law of the two districts that controls the defamation claim, where it appears that the law is the same. Compare Zapata v. Woodward & Lothrop, 180 A.2d 497, 499 & n.5 (D.C. 1962) (stating that defamation is actionable per se when "the words fall into one of the categories where damage is presumed," including "the imputation of crime . . . [that] is of such a character as to make it actionable per se"), with Tronfeld v. Nationwide Mut. Ins. Co., 636 S.E.2d 447, 449-50 (Va. 2006) (stating that defamatory words are actionable per se when they "impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished").

Further, Radack has not shown why this Court would be unable to apply the substantive law of the District of Columbia. Indeed, there is nothing unique about Fitzgibbon's substantial claims that would make it difficult for any district court to apply the governing law.

Finally, Radack has not explained what circumstances would require a visit to the locations of the alleged events. And, the Court does not foresee any need for a visit.[4]

---

[4] No one has alleged that there is a risk that a trial will be conducted fairly in one district and not the other; that a trial

13

Thus, in the Court's view, the interest of justice does not warrant transfer.

**CONCLUSION**

In sum, even though the Court finds that Radack may have some difficulty getting to Richmond due to her health condition, that factor does not outweigh Fitzgibbon's choice of forum, the convenience of the witnesses, or the interests of justice. At best, the factors are at "dead center," which is not enough for Radack to fulfill her burden of proving that a transfer is warranted. See Medicenters, 371 F. Supp. at 1184. That is not enough to meet Radack's burden. For the reasons set forth above, the RENEWED MOTION TO TRANSFER VENUE (ECF No. 76) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 6, 2019

---

in either district will affect the integrity of the decision; or that there is any other factor for the Court to consider.