IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TREVOR FITZGIBBON,

    Plaintiff,

v.                                                      Civil Action No. 3:18-cv-247

JESSELYN A. RADACK,

    Defendant.

**ORDER**

Having considered the NOTICE OF NONCOMPLIANCE WITH COURT'S ORDER REQUIRING STATUS REPORTS and NOTICE OF STATUS OF BANKRUPTCY CASE (ECF No. 85), the Court issued an ORDER TO SHOW CAUSE (ECF No. 87) requiring the defendant, Jesselyn A. Radack, to show cause why she should not be held in contempt of Court for violating the ORDER entered by this Court on July 31, 2018 (ECF No. 41) in making the statements referred to in paragraph 19 of the NOTICE OF NONCOMPLIANCE WITH COURT'S ORDER REQUIRING STATUS REPORTS and NOTICE OF STATUS OF BANKRUPTCY CASE (ECF No. 85). Thereafter, Radack filed the DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 90). In that response, Radack acknowledges making the comments which prompted the issuance of the ORDER TO SHOW CAUSE and apologized for them claiming that they were "a desperate,

emotionally charged, reflexive attempt to defend herself and respond to attacks that appeared to her to be coming from or orchestrated by the Plaintiff." (ECF No. 90, p. 1). In sum, Radack acknowledged that she deliberately violated the July 31, 2018 ORDER (ECF No. 41), but did so in a misguided attempt to defend herself.

For that reason, and because the parties have worked to settle the case and have submitted a Settlement Agreement for approval by the Bankruptcy Court in Washington, D.C., Radack takes the view that "it is not necessary for this Court to invoke its contempt power to deter future aggressions, because the settlement will accomplish this end and resolve the case on its merits including any alleged harm suffered from the tweets at issue here." Finally, as other reasons to dismiss the ORDER TO SHOW CAUSE (ECF No. 87) without consequence to her, Radack points out that she suffers from multiple sclerosis which has been exacerbated because of the stress associated with the case, and she notes that she is in bankruptcy. For those reasons (contrition, settlement, illness, and bankruptcy), Radack requests that the Court "dispense with any sanction and dismiss the Order to Show Cause." (ECF No. 90, p.3).

In his response (ECF No. 91), the plaintiff asserts various reasons why Radack should be sanctioned. Radack has replied (ECF No. 96).

The Court is aware from the pleadings in this case (the Complaint (ECF No. 1); the Amended Complaint (ECF No. 12); the Answer (ECF No. 55); and other papers in the case) that Radack is a lawyer. The fact that a lawyer knowingly would violate an Order of the Court enjoining her from engaging in certain conduct is an extremely serious matter which cannot be excused by contrition, settlement, illness, or financial distress. The simple fact is that Radack deliberately violated the July 31, 2018 ORDER (ECF No. 41) by making the communications that she admittedly made. In so doing, she acted in contempt of the ORDER (ECF No. 41).

Neither contrition nor emotional distress nor illness nor financial difficulties can excuse deliberate misconduct of this sort by any litigant, much less by a lawyer. And, the record here shows that Radack is a sharp-tongued, mean-spirited, proliferous user of social media. Her conduct here is just more of the same. Neither contrition nor emotional distress nor illness nor financial distress have caused Radack to ameliorate her penchant for nasty social media communication.

Accordingly, it is not appropriate to dismiss the ORDER TO SHOW CAUSE (ECF No. 87) without the imposition of an appropriate sanction. The purpose of the sanction is to discipline the offending party, to set an example for others who would violate

the Orders of the Court, and to underscore the authority of the Court to issue Orders that will not be violated.

Of course, contrition for an act, even an intentional one, properly ought to be considered in assessing the nature of sanction that is most appropriate for a deliberate violation of the Court Order. Also, financial difficulty is an appropriate consideration in assessing the quantum of a sanction. And, of course, the sanction should be tailored to fit the individual and the particular violation.

Here, Radack knew precisely what she was doing, and, in violating the ORDER, Radack continued to engage in the same kind of conduct which prompted the litigation against her in the first place. Accordingly, she must be appropriately sanctioned in a way that will punish her deliberate violation of the ORDER and will underscore the authority of the Court and will deter other violations.

To that end, the Court concludes that an appropriate punishment for violating the July 31, 2018 ORDER (ECF No. 41) is that Radack be held in contempt of Court for committing the violation so that, wherever she seeks to practice, she will have to report that she has been held in contempt of Court. That, for a lawyer, is an extremely serious punishment. Considering Radack's expression of contrition and the action she has taken to

eliminate the offending communications, the Court concludes that incarceration is not appropriate or necessary.

A monetary sanction is an appropriate punishment as well. However, because Radack is further evincing contrition for improper conduct by reaching a settlement with the plaintiff, the Court considers that a substantial financial punishment is neither necessary or appropriate. However, it is appropriate to assess a monetary sanction of $500.00 to underscore the seriousness of Radack's violation. Radack shall remit payment by May 30, 2019 to the Clerk of Court.

It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 26, 2019

5